704 F.Supp. 960 (1989)
PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY, Plaintiff,
v.
Harley J. RINEHART, Anna Mae Rinehart, and Steven P. Rinehart, Defendants.
No. 87-1167C(3).
United States District Court, E.D. Missouri, E.D.
January 9, 1989.
*961 Richard B. Scherrer, Mark D. Sophir, Armstrong, Teasdale, Kramer, Vaughan & Schlafly, St. Louis, Mo., for plaintiff.
A.W. Dieffenbach, Jr. Anderson, Hammon & Dieffenbach, John A. Schneider, Wegmann, Gasaway, Stewart, Schneider, Dickhaner, Tesreau & Stoll, Hillsboro, Mo., for defendants.

MEMORANDUM
HUNGATE, District Judge.
This matter is before the Court for a determination of the merits following a two-day nonjury trial on August 15 and 16, 1988.
Having seen and heard the witnesses; and having considered the pleadings, exhibits, stipulations, and memoranda, the Court hereby makes and enters the following findings of fact and conclusions of law.

Findings of Fact
1. Plaintiff, Prudential Property & Casualty Insurance Company, issued its homeowner's insurance policy to defendants Harley J. and Anna Mae Rinehart, which policy carried a number of 090 H 449 686, and which policy was in effect on the 18th day of May, 1986, and the insured premises were at 714 Rosemary, Festus, Missouri 63028.
2. Defendant Steven P. Rinehart asserts a claim against Harley J. and Anna Mae Rinehart based upon injuries he sustained at the family household on or about May 18, 1986, when a loaded shotgun, kept in the closet of a bedroom, discharged a shell into Steven P. Rinehart's arm, causing physical injury and damage.
3. The definition of "insured," set forth in the policy, is as follows:
Insured means you and the following residents of your household:
A. Your relatives.
As an insured under the policy, you would not be entitled to receive benefits under the liability portion of the policy.
4. The issue in this litigation is whether Steven P. Rinehart was a "resident" of his parents' household within the meaning of the policy. The Court finds that Steven P. Rinehart was not in fact a resident of the insured household at the time of the occurrence and for some time prior to that date.
5. Steven P. Rinehart was married to Theresa Marie Rinehart on November 1, 1986. From that date and for some months thereafter, the couple cohabited at an *962 apartment complex known as the River View Bend Apartments, and specifically at an address known as 2012 Cruiser Cove, Apartment D, Crystal City, Missouri 63019.
6. Theresa Marie Rinehart moved to the River View Bend Apartments on January 24, 1986, and signed a lease indicating that the residents of her household were herself and her three children, whose ages at the time of trial were: Amanda Nicole Dobbs, eight; Sara Nicole Thurman, five; and Nicholas Joe Rinehart, two. Nicholas Joe Rinehart is the child of defendant Steven P. Rinehart and Theresa Marie Rinehart. This couple began dating in 1982 and their relationship continued until their marriage in November 1986, and thereafter until their separation in 1987.
7. Defendant Steven P. Rinehart and Theresa Marie Rinehart lived together as a family at an address on Fifth Street in Festus, Missouri, from about September 1983 to September 1985.
8. Defendant Steven P. Rinehart and Theresa Marie Rinehart and the children lived together as a family at an address on Second Street in Festus, Missouri, from September 1985 to January 1986.
9. The lease at the Cruiser Cove address in Crystal City, Missouri, was not signed by Steven P. Rinehart in January 1986 because he knew the government subsidized housing would not be available if he were named as a lessee.
10. The basic familial relationship between defendant Steven P. Rinehart and Theresa Marie Rinehart and the children continued from January 1986 until their marriage in November 1986.
11. Defendant Steven P. Rinehart continued a well established parent-son relationship with his parents, co-defendants Rinehart, throughout the entire period of his relationship with Theresa Marie Rinehart. Defendant Steven P. Rinehart especially had a close relationship with his father at all times, and throughout this entire period did keep some of his belongings, such as clothes, tools for working on automobiles, and automobiles, at the premises of his parents.
12. From and after the move of defendant Steven P. Rinehart and Theresa Marie Rinehart to the Fifth Street address in Festus in 1983, they regularly cohabited and slept at the same place.
13. During the period January through October 1986, defendant Steven P. Rinehart and Theresa Marie Rinehart regularly travelled together to their respective places of employment in St. Louis in a vehicle owned by Steven P. Rinehart.
14. Theresa Marie Rinehart testified that defendant Steven P. Rinehart stayed with her at the Cruiser Cove Apartments four out of seven nights a week during the period January 1986 to the date of the incident in question in May 1986.
15. In May 1986, defendant Steven P. Rinehart's residence with Theresa Marie Rinehart and the three children was intended by him to be indefinite and permanent.
16. Had Theresa Marie Rinehart placed defendant's name upon her lease, she faced disqualification from the eligibility requirements of her landlord.

Conclusions of Law
1. The phrase "residents of your household," appearing in the insurance policy, is a phrase subject to variable interpretation, depending upon the facts of each particular case.
2. The word "family" is synonymous with the word "household" appearing in an insurance policy, and has varied significance, either narrow or broad, depending upon the facts of the case.
3. Where the phrase "residents of your household" appears in the exclusionary clause in an insurance policy, the burden of proof is on the insurer. It will be construed to afford coverage, if at all possible.
4. Tests to be applied include: (1) the length of time the parties intended to remain together and whether the arrangement is permanent or temporary in nature; and (2) the functional character of the arrangement, or whether the parties functioned *963 as a family unit under one management.
5. The Court finds Steven P. Rinehart was not a resident of his parents' household on May 19, 1986, the date of the accident. On the date of the occurrence in question, Steven P. Rinehart was, as he had been for a considerable time previously and continued for a period of time thereafter, a resident of the household at 2012 Cruiser Cove in the River View Bend Apartments in Crystal City, Missouri, where he lived with Theresa Marie Rinehart and the three children.
As authority for the foregoing, see American Family Mutual Insurance Company v. Brown, 657 S.W.2d 273 (Mo. App.1983); Clarkson v. MFA Mutual Insurance Company, 413 S.W.2d 10 (Mo. App.1967); Countryside Casualty Company v. McCormick, 722 S.W.2d 655 (Mo.App. 1987).

ORDER
A memorandum dated this day is hereby incorporated into and made a part of this order.
IT IS HEREBY ORDERED that policy no. 090 H 449 686 issued to defendants Harley J. Rinehart and Anna Mae Rinehart does apply to the incident of May 18, 1986, wherein defendant Steven P. Rinehart sustained injuries at the family residence.
IT IS HEREBY FURTHER ORDERED that Prudential is not relieved of its obligation to defend Harley J. Rinehart and Anna Mae Rinehart from any claims or suit arising out of said incident of May 18, 1986.
IT IS HEREBY FURTHER ORDERED that Prudential may be obligated to pay any claims, medical payments, judgments, or settlements with respect to the claim of defendant Steven P. Rinehart against his parents on account of personal injuries and damages allegedly sustained by said defendant arising out of the incident of May 18, 1986.
IT IS HEREBY FURTHER ORDERED that plaintiff's request for an order barring and forever enjoining defendants herein from asserting a claim against plaintiff is denied.